UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WENDY L. SANTANA, on behalf of herself, individually,
and on behalf of all others similarly-situated,                                          **COMPLAINT**

                        Plaintiff,                                                          **Docket No.:**

        -against-                                                                  Jury Trial Demanded

CARIDAD INTERNATIONAL RESTAURANT, INC.
d/b/a PARRILLA LATINA RESTAURANT,
and 230 BROADWAY RESTAURANT CORP.
d/b/a PARRILLA LATINA RESTAURANT,
and LEO RAMIREZ, individually,
and JEANNETTE CASTILLO, individually,

                        Defendants.
------------------------------------------------------------------------X

      Plaintiff, WENDY L. SANTANA ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against CARIDAD INTERNATIONAL RESTAURANT, INC. d/b/a PARRILLA LATINA RESTAURANT ("Caridad"), 230 BROADWAY RESTAURANT CORP. d/b/a PARRILLA LATINA RESTAURANT ("230 Broadway"), LEO RAMIREZ, individually ("Ramirez"), and JEANNETTE CASTILLO, individually ("Castillo"), (all four, collectively, as "Defendants" or "Parrilla Latina"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

    1.    This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions

1

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at the time of hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two corporations that consecutively operated a single restaurant and bar and two of their shareholders - - as a cook from in or about January 2007 until in or about May 2015 and then again as a "chef" and non-exempt "manager" from in or about April 2016 until June 18, 2017. As described below, throughout the entirety of her employment, but for at least the six-year period pre-dating the commencement of this action ("the Relevant Period"), the Defendants willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, for the entirety of the Relevant Period, the Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each workweek, but Defendants intentionally failed to pay Plaintiff the statutorily required overtime rate for all hours that she worked beyond forty per week and instead paid Plaintiff a flat daily wage for each day worked regardless of the amount of hours worked in a day or week.

3. Furthermore, Defendants failed to provide Plaintiff with any wage statements on each payday or with any wage notice at the time of Plaintiff's second hire, let alone accurate ones as the NYLL requires.

4. Defendants paid and treated all of their kitchen workers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

**7.** Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9. At all times from the beginning of the Relevant Period until in or about April 2016, Defendant Caridad was a Delaware business corporation registered to conduct business in the state of New York, with its principal place of business located at 5523 Broadway, Bronx, New York 10463.

10. At all times from in or about April 2016 to the present, Defendant 230 Broadway was and is a New York corporation with its principal place of business located at 5523 Broadway, Bronx, New York 10463.

11. At all times during the Relevant Period, Defendant Ramirez was and is a shareholder who, along with Castillo, oversaw the day-to-day operations of both successive entities of Parrilla Latina, and who was responsible for all matters with respect to the terms of employment of Parrilla Latina's employees, including Plaintiff. Defendant Ramirez, along with Castillo, had the power to hire and fire Parrilla Latina's employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of wage payments, and was responsible for maintaining employment records. Indeed, Defendant Ramirez hired Plaintiff in or about January 2007 on behalf of Defendant Caridad, and again hired Plaintiff in or about April 2016 on behalf of Defendant 230 Broadway.

12. At all relevant times during the Relevant Period, Defendant Castillo was and is a shareholder and bookkeeper who, along with Defendant Ramirez, oversaw the day-to-day operations of both successive entities of Parrilla Latina, and who was responsible for all matters with respect to the terms of employment of Parrilla Latina's employees, including Plaintiff. Defendant Castillo, along with Defendant Ramirez, had the power to hire and fire Parrilla Latina's employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of wage payments, and was responsible for maintaining employment records. Furthermore, Defendant Castillo terminated Plaintiff's employment on June 18, 2017.

13. At all times during the Relevant Period until at least May 2015, Defendant Caridad was an "employer" within the meaning of the FLSA and the NYLL. Additionally, Defendant Caridad's qualifying annual business exceeded $500,000.00, and Defendant Caridad was engaged in interstate commerce within the meaning of the FLSA, as it operated a business that prepared and sold food and drinks to customers that were made from ingredients that originated from out of

state, purchased numerous products that moved in interstate commerce, and accepted payments from banks and credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendant Caridad to the FLSA's overtime requirements as an enterprise.

14. At all times from April 2016 to the present, Defendant 230 Broadway was and is an "employer" within the meaning of the FLSA and the NYLL. Additionally, Defendant 230 Broadway's qualifying annual business exceeded and exceeds $500,000.00, and Defendant 230 Broadway was and is engaged in interstate commerce within the meaning of the FLSA, as it operates a business that prepares and sells food and drinks to customers that are made from ingredients that originate from out of state, purchased numerous products that moved in interstate commerce, and accepted payments from banks and credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendant 230 Broadway to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees who, during the applicable FLSA limitations period, performed any work for Defendants Caridad and/or 230 Broadway as a non-managerial kitchen worker, or in a similar role, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

16. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar

5

manner; (4) were required to work in excess of forty hours in a workweek; and/or (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

18. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

19. Defendant Parrilla Latina, regardless of which corporation was in existence at the time, is a restaurant and bar that serves Latin American fare located in the Kingsbridge area of the Bronx.

20. Defendants Ramirez and Castillo are shareholders of the two corporations that consecutively operated Parrilla Latina during Plaintiff's employment.

21. From in or about January 2007, but from at least the start of the Relevant Period, through in or about late May 2015, Defendants employed Plaintiff as a cook.

22. While employed as a cook, as its name suggests, Plaintiff's duties primarily involved preparing food for the restaurant's customers.

23. From the beginning of the Relevant Period until in or about late May 2015, Defendants Caridad and its shareholders, Ramirez and Castillo, required Plaintiff to work six days per week, on Tuesdays through Sundays, from 6:00 a.m. until at least 4:00 p.m. each day, without

6

permitting her to take an uninterrupted or scheduled break on any day.  Thus, by approximation, throughout this period, Defendants required Plaintiff to work, and Plaintiff did routinely work, sixty hours each workweek.

24.     From in or about June 2015 until in or about March 2016, Plaintiff was laid off from employment by Defendant Caridad and its shareholders, which continued to operate Parrilla Latina until at least May 2015.

25.     In or about April 2016, a new corporation, Defendant 230 Broadway, that is operated by its shareholders, Ramirez and Castillo, who were also shareholders of Defendant Caridad, reopened Parrilla Latina at the exact same location.  The reopened Parrilla Latina employed the same management team and substantially the same staff and served similar Latin American fare to its customers.

26.     In or about April 2016, Parrilla Latina re-hired Plaintiff as a "Chef/Manager."

27.     From in or about April 2016 through her termination on June 18, 2017, Parrilla Latina employed Plaintiff as a "Chef/Manager," a managerial position in name only.  Indeed, while employed in this role, Plaintiff's primary duties continued to involve preparing food for the restaurant's customers, just as they had while she worked as a cook.  Moreover, throughout this period, Plaintiff did not terminate Defendant Parrilla Latina's employees or set their rates of pay, and was paid a day rate, rather than a salary, for her hours worked.

28.     From in or about April 2016 until Plaintiff's termination on June 18, 2017, Defendants 230 Broadway, Ramirez, and Castillo required Plaintiff to work six days per week, on Tuesdays through Saturdays from 2:00 p.m. until 12:00 midnight, and a "double shift" on Sundays from 8:00 a.m. until 12:00 midnight, without permitting her to take an uninterrupted or scheduled

break on any day. Thus, by approximation, throughout this period, Defendants required Plaintiff to work, and Plaintiff did routinely work, sixty-six hours each workweek.

29. By way of example only, during the workweek of May 11 through May 17, 2015, Defendants required Plaintiff to work, and Plaintiff did work, six days that week from 6:00 a.m. until 4:00 p.m. on Tuesday through Sunday, without an uninterrupted break on any day, for a total of sixty hours.

30. As a second example, during the workweek of June 5 through June 11, 2017, Defendants required Plaintiff to work, and Plaintiff did work, six days that week, from 2:00 p.m. until 12:00 midnight on Tuesday through Saturday, and a "double shift" from 8:00 a.m. until 12:00 midnight on Sunday, without an uninterrupted break on any day, for a total of sixty-six hours.

31. For this work, throughout both periods of her employment during at least the Relevant Period, Defendants paid Plaintiff a daily rate per shift.

32. From the beginning of the Relevant Period until in or about May 2015, Defendants Caridad, Ramirez, and Castillo paid Plaintiff a flat rate of $120.00 per day.

33. From the beginning of her second period of employment in or about April 2016 through her termination on June 18, 2017, Defendants 230 Broadway, Ramirez, and Castillo paid Plaintiff a flat rate of $150.00 per day on Tuesday through Saturday, and a "double shift" flat rate of $300.00 on Sundays.

34. If Plaintiff missed a day of work the Defendants docked her a corresponding day's worth of pay.

35. Throughout the entirety of both periods of Plaintiff's employment during at least the Relevant Period, Defendants failed to pay Plaintiff at the applicable overtime rate of one and

one-half times her "regular rate of pay," as determined by dividing Plaintiff's total weekly pay by all hours worked per week, for any hours that Plaintiff worked in excess of forty per week.

36. Defendants paid Plaintiff on a weekly basis.

37. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement that listed, *inter alia*, the dates of work covered by that pay period, the name, address, and phone number of her employer, her hourly and overtime rates of pay, the number of regular and overtime hours worked, her gross wages for that pay period and all deductions from her pay.

38. Defendants 230 Broadway, Ramirez and Castillo also did not provide Plaintiff with any wage notice at the time of her re-hire in April 2016, let alone one that accurately listed, *inter alia*, Plaintiff's rate of pay and basis thereof, her employers' name, physical address of their main office, mailing address if it differs, telephone number, and any "doing business as" names used by her employers.

39. Defendants treated Plaintiff and FLSA Plaintiffs in the manner described above.

40. Each hour that Plaintiff and FLSA Plaintiffs worked was for the Defendants' benefit.

41. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

42. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

44. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

45. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

46. Defendants willfully violated the FLSA.

47. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCCRR*

49. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

52. As also described above, Plaintiff, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

53. Plaintiff, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54. Plaintiff, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

55. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

57. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

58. As also described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff who opts-into this action, with any wage statements containing the criteria required under the NYLL, let alone ones accurately containing all of the criteria required under the NYLL.

59. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

60. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*
*against 230 Broadway, Ramirez, and Castillo*

61. Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. N.Y. Lab. Law § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

63. As described above, Defendants 230 Broadway, Ramirez, and Castillo are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

64. As also described above, Defendants 230 Broadway, Ramirez, and Castillo failed to furnish Plaintiff, and any FLSA Plaintiff who opts-into this action, with any wage notice at hire, let alone ones accurately containing all of the criteria required under the NYLL.

65. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants 230 Broadway, Ramirez, and Castillo are liable to Plaintiff, and any FLSA Plaintiff who opts-into this action, in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.00.

66. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants 230 Broadway, Ramirez, and Castillo are liable to Plaintiff, and any FLSA Plaintiff who opts-into this action, in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

### **DEMAND FOR A JURY TRIAL**

67. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

h. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service payment to Plaintiff;

i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    October 6, 2017

              Respectfully submitted,

              BORRELLI & ASSOCIATES, P.L.L.C.
              *Attorneys for Plaintiff*
              655 Third Avenue, Suite 1821
              New York, New York 10017
              Tel.: (212) 679-5000
              Fax: (212) 679-5005

By: _____
    DAVID D. BARNHORN (DB 9685)
    ALEXANDER T. COLEMAN (AC 1717)
    MICHAEL J. BORRELLI (MB 8533)