# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiff Wendy Santana (the "Plaintiff") on the one hand, and Caridad International Restaurant, Inc. d/b/a Parrilla Latina Restaurant ("Caridad"), 230 Broadway Restaurant Corp. d/b/a Parrilla Latina Restaurant ("230 Broadway"), Leo Ramirez, and Jeannette Castillo (collectively with Caridad, 230 Broadway, and Leo Ramirez, the "Defendants"), on the other hand.

**WHEREAS**, Plaintiff commenced an action against Defendants in the United States District Court for the Southern District of New York (the "Court"), bearing docket no. 17-cv-07690 (VEC) (the "Action") by filing a Complaint on October 6, 2017 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL") (the "Action");

**WHEREAS**, Defendants timely filed an Answer to the Complaint on November 4, 2017, and denies Plaintiffs' allegations;

**WHEREAS**, on May 13, 2019, Plaintiff and Defendants (collectively the "Parties") reached an agreement in principle to settle the Action;

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.  In consideration of the payment to Plaintiff collectively by Defendants of the gross sum of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Settlement Amount"), Wendy Santana hereby releases and forever discharges Caridad, 230 Broadway, Leo Ramirez, and Jeannette

1

Castillo and each of their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, agents, predecessors, successors, parent companies, holding companies, and subsidiaries; as well as anyone deemed by Plaintiff to be an "employer" during her employment with any of the Defendants (all said individuals and entities referenced above are, with Caridad, 230 Broadway, Leo Ramirez, and Jeannette Castillo, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff, her heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions). This Release shall include, without limitation, any and all claims alleged by Plaintiff in this Action.

    2.    The Parties agree to execute a "Stipulation of Dismissal with Prejudice," which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement no later than June 17, 2019, upon the following conditions being met: (a) Defendants' counsel receives a duly executed Agreement signed by Plaintiff; and (b) Defendants' counsel receives a completed IRS Form W-9 for Plaintiff and Plaintiff's counsel.

3. The Parties agree that the Settlement Amount shall be paid as follows:

   (a) Within thirty (30) days of the date the Court "So Orders" the Stipulation of Dismissal with prejudice, Defendants shall pay the first installment of the Settlement Amount by issuing: one (1) check payable to "Borrelli & Associates, P.L.L.C." in the total amount of Eight Hundred Thirty-Three Dollars and Thirty-Three Cents ($833.33) to Borrelli & Associates, P.L.L.C., 910 Franklin Avenue, Suite 200, Garden City, New York 11530.  From this initial amount, the amount of Four Hundred Seventy-Two Dollars and Seven Cents ($472.07) shall be paid to Plaintiff, and Three Hundred Sixty-One Dollars and Twenty-Six Cents ($361.26) shall be paid to Borrelli & Associates, P.L.L.C. as attorneys' fees and costs;

   (b) The remainder of the Settlement Amount shall be paid in eleven (11) equal monthly installments as set forth below, the first due within thirty days of the due date of the initial payment, and each subsequent payment due date within thirty days from the due date of the subsequent payment.  Each of the eleven (11) equal monthly installments described in this Paragraph 3(b) shall be paid by Defendants by issuing: one (1) check payable to "Borrelli & Associates, P.L.L.C." in the total amount of Eight Hundred Thirty-Three Dollars and Thirty-Three Cents ($833.33) to Borrelli & Associates, P.L.L.C., 910 Franklin Avenue, Garden City, New York 11530.  From each of these eleven payments, the amount of Four Hundred Seventy-Two Dollars and Seven Cents ($472.07) shall be paid to Plaintiff, and Three Hundred Sixty-One Dollars and Twenty-Six Cents ($361.26) shall be paid to Borrelli & Associates, P.L.L.C. as attorneys' fees and costs;

(c) In the event that Defendants fail to make the settlement payments in a timely manner pursuant to the above schedule set forth in this Agreement, counsel for Plaintiff shall provide notice of the default by email to Defendants at Andrew.Hoffman@hoffmannlegal.com. Defendants will then have seven (7) days from the date of receipt of such notice within which to cure the default by delivering to Plaintiff's attorneys at the address listed above via overnight delivery any amounts due and owing to Plaintiff's attorneys. If Defendants timely cure their breach, no other dates in the above schedule shall become altered or in any way affected. If Defendants fail to timely cure their breach, two hundred percent (200%) of the entire unpaid balance of the payments ($10,000.00 less any payments made under this Agreement) will then become due and owing, and Plaintiff may apply to the Court, which will retain jurisdiction over the Action to enforce the terms of this Agreement, to enter judgment for that amount, plus reasonable attorneys' fees and costs associated with seeking judgment for Defendants' breach including costs and fees for any motion for costs and fees.

4. Defendants may issue an IRS tax Form 1099 to Plaintiff and Borrelli & Associates, P.L.L.C. for the Settlement Amount. Plaintiff agrees to hold Defendants harmless and indemnify Defendants from any payments Defendants may be required to make to any taxing authority, as a result of the payment of the Settlement Amount.

5. Plaintiff promises and represents that she will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiff's employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any

4

judicial forum against any of the Releasees. Plaintiff further agrees that she will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as she acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that she will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Nothing herein shall prevent Plaintiff from filing a charge of discrimination with, or cooperating with an investigation by the EEOC.

6. Plaintiff acknowledges that she has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

7. Plaintiff acknowledges that aside from the payments set forth in Paragraph 3 of this Agreement, she is owed no further remuneration or accrued benefit time by Releasees whatsoever, including any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

8. If Plaintiff seeks employment and/or if a potential employer of a Plaintiff seeks a reference from any Defendant, Defendants' response will be limited to that Plaintiff's dates of

5

employment and job title and informing the inquiring party that it is the policy of Defendants to provide neutral references only.

9. The Parties agree that, in any dispute concerning an alleged breach of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including any reasonable fees incurred in making such application for attorneys' fees.

10. The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

11. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

12. Plaintiff acknowledges that she has not divested, hypothecated, or otherwise bargained away any interest she possesses in her purported claims. Plaintiff acknowledges and represents that she knows of no other person or entity that holds a remunerative interest in any plausible legal claims she could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

13. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

14. This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

15. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

16. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

17. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

18. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Defendants, Andrew S. Hoffmann, Esq., Hoffmann & Associates, 450 Seventh Avenue, Suite 1400, New York, New York 10123, (212) 679-0400, facsimile (212) 679-1080, Andrew.Hoffman@hoffmannlaw.com; and counsel for Plaintiff, Jeffrey Maguire, Esq., Borrelli & Associates, P.L.L.C., 655 Third Avenue, Suite 1821, New York, New York 10017, (212) 679-5000, facsimile (212) 679-5005, jrm@employmentlawyernewyork.com.

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

_____
Wendy Santana

_____
Caridad International, Inc. d/b/a Parrilla Latina Restaurant
By: Leo Ramirez
Title:

_____
230 Broadway Restaurant Corp. d/b/a Parrilla Latina Restaurant
By: Jeannette Castillo
Title:

_____
Leo Ramirez

_____
Jeannette Castillo

9